Filed 5/21/13  P. v. Gaston CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072430 |
| v. | (Super. Ct. No. CM037051) |
| REGINALD DEWAYNE GASTON, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Reginald Dewayne Gaston, Jr., asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Because the matter was resolved by plea, the background facts are taken from the probation officer's report.  Defendant and the victim were former cohabitants.  In

1

August 2012, the victim contacted defendant regarding his visitation of their two older children, ages four and five. Pursuant to defendant's instructions, the victim brought the children to defendant's workplace. Rather than receiving the children, however, defendant began driving to his parents' residence in Palermo. The victim, with the children, followed defendant in her own car.

The victim realized she did not have enough gasoline for the trip to Palermo. Both parties pulled over and the victim told the children to get into defendant's car. Believing that defendant would argue with her about a Facebook photograph, the victim drove away after the children left her car and before they entered defendant's car. When the victim looked in her rearview mirror, however, she saw that defendant was pursuing her and the children were screaming on the side of the road.

The victim returned to the children and told them to get in her car. But defendant pushed the victim to the ground and called her a "whore." Defendant pulled off some of the victim's clothes, saying that because she was a whore everyone should see her body. She tried to escape but he would not release her. Defendant pulled her jean shorts and underwear down to her mid-thigh, and he removed her tube top and bathing suit, exposing her breasts. He also tried to remove her dentures so no one would "like" her. The children witnessed the altercation.

Defendant eventually released the victim after she repeatedly asked him to let her go. Defendant put one child in the victim's car and said to the child, "just so you know I am only letting you go with (the victim) because (the victim) is going to call the police and daddy is going to jail tonight because (the victim) is a whore." The victim tried to leave the scene but defendant stopped her by repeatedly pulling the emergency brake. Eventually defendant allowed the victim to leave.

The victim returned to her residence and contacted law enforcement. Officers observed abrasions on the victim's arms and back and additional bruising on her left leg.

2

Defendant pleaded guilty to false imprisonment by violence (Pen. Code,[1] § 236 -- count 1), felony child abuse (§ 273a, subd. (a) -- count 2), and misdemeanor corporal injury to a child's parent (§ 273.5, subd. (a) -- count 3). The trial court suspended imposition of sentence and placed defendant on probation for four years on the condition, among others, that he serve 90 days in jail with credit for time served (48 days). On counts 1 and 2, the trial court ordered defendant to pay a $760 fine (§ 672) including penalty assessments. The trial court also ordered defendant to pay a $300 battered women's shelter fee (§ 1203.097, subd. (a)(11)(A)), a $400 domestic violence program fee (§ 1203.097, former subd. (a)(5)), a $250 domestic violence fee (§ 1463.27, subd. (a)), a $1,000 child abuse prevention fine (§ 294, subd. (a)), a $240 restitution fine (§ 1202.4), a $240 restitution fine suspended unless probation is revoked (§ 1202.44), a $120 court operations fee (§ 1465.8, subd. (a)(1)), a $90 court facilities assessment (Gov. Code, § 70373), a $164 per month probation supervision fee, a $736 presentence report fee, and a $420 public defender fee unless defendant requests a hearing on the issue.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

---

[1] Undesignated statutory references are to the Penal Code.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                                                MAURO , J.

We concur:

NICHOLSON , Acting P. J.

DUARTE , J.